# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY NICOLE NORMAN,<br>Personal Representative of the<br>Estate of Rebecca Lee Dewitt Gould,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE RANDOLPH, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-11-290-M<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is plaintiff's Motion for New Trial or, in the Alternative, to Reconsider, filed March 18, 2014. On April 4, 2014, defendants filed their response. Plaintiff has filed no reply. Based upon the parties' submissions, the Court makes its determination.

On February 18, 2014, prior to any trial in this case, the Court granted defendants' motions for summary judgment and entered judgment in favor of defendants Steve Randolph and Sam Saeger and against plaintiff. Pursuant to Federal Rule of Civil Procedure 59, plaintiff now moves this Court for a new trial or, in the alternative, to reconsider its previous ruling granting summary judgment in favor of defendants.

I.  Motion for New Trial

Rule 59(a)(1) provides:

(a) In General.

(1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows:
(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Fed. R. Civ. P. 59(a)(1). In the case at bar, there was no jury trial or nonjury trial. Therefore, Rule 59(a)(1) is inapplicable. Rule 59(a)(1), therefore, provides no basis for plaintiff to be entitled to a new trial.

II.  Motion to Reconsider

Grounds warranting a motion to reconsider under Rule 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed the parties' submissions, the Court finds no grounds warranting reconsideration in the case at bar. Specifically, the Court finds no intervening change in the controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice. In her motion, plaintiff relies upon the deposition testimony of both plaintiff's expert and defendants' expert. This testimony, however, is not "new evidence previously unavailable." Although the depositions were not conducted until after plaintiff filed her responses to defendants' motions for summary judgment, plaintiff was clearly aware of these experts' opinions, as plaintiff's expert's report was issued on December 1, 2013, defendants' expert's report was produced on November 11, 2013, and his supplemental report was produced on December 12, 2013. Further, the deposition testimony of these experts does not differ substantially from the

opinions offered in their reports. Thus, both experts' opinions were available to plaintiff at the time she filed her responses. Plaintiff could have attached their expert reports and/or an affidavit of her expert as exhibits to her responses to defendants' motions for summary judgment. Additionally, plaintiff never asserted in her responses, or otherwise, that the depositions of the experts were necessary for her to provide a response to the motions for summary judgment nor did she ever request any relief under Federal Rule of Civil Procedure 56(d).

The Court further finds it did not misapprehend the facts, it did not misapprehend plaintiff's position, and it did not misapprehend the controlling law. In her motion, plaintiff simply revisits issues that were addressed in the Court's February 18, 2014 Order, advances arguments that could have, and should have, been raised in her responses to defendants' motions for summary judgment, and includes evidence that could have been submitted with her responses to defendants' motions for summary judgment.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion for New Trial or, in the Alternative, to Reconsider [docket no. 72].

**IT IS SO ORDERED this 23rd day of April, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE